United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRUE CAPITAL MANAGEMENT, LLC, and TAMARA JARIC,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants.

Case No.:  13-261 JSC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Dkt. No. 13)**

Plaintiffs True Capital Management ("True Capital") and Tamara Jaric filed this action seeking declaratory relief and an order compelling Defendants United States Department of Homeland Security ("DHS") and United States Citizenship and Immigration Services ("USCIS") to approve the H-1B visa petition submitted by True Capital on behalf of Tamara Jaric.  Now pending before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 13) based on USCIS's sua sponte reopening of Plaintiffs' H-1B petition during the pendency of this action.

United States District Court
Northern District of California

1   Plaintiffs appeared for oral argument on May 16, 2013, although Defendants did not.

2   At oral argument, Plaintiffs argued that Defendants' reopening was merely for the purpose of

3   delay.  Plaintiffs were granted leave to submit supplemental briefing regarding this argument

4   and Defendants were directed to respond to said supplemental briefing.  (Dkt. Nos. 23 & 26.)

5   The Court has considered the parties' moving papers, supplemental submissions, and the

6   relevant legal authority and GRANTS Defendants' motion without prejudice.

7                                        **BACKGROUND**

8        Plaintiff True Capital filed a Form I-129H petition with USCIS seeking to temporarily

9   employ Plaintiff Tamara Jaric through an H-1B visa on April 9, 2012.  An H-1B visa petition

10  is authorized by statute, 8 U.S.C. § 1101(a)(15)9H)(i)(b), and allows an employer to

11  temporarily employ a non-immigrant as a "specialty occupation" worker; here, a Business

12  Marketing Specialist.  True Capital is a San Francisco based wealth management company

13  specializing in wealth management services specifically designed for professional athletes,

14  entertainers, and other high net worth individuals.  Ms. Jaric was lawfully present in the

15  United States on an F-1 student visa at the time the petition was filed.

16       In response to the visa petition, USCIS issued a Request for Evidence ("RFE") seeking

17  additional documentation supporting True Capital's contention that the Business Marketing

18  Specialist position offered to Ms. Jaric qualified as a "specialty occupation" requiring a

19  Bachelor's degree, or its equivalent, in a "specific specialty," which Plaintiff submitted.  On

20  October 26, 2012, Plaintiffs received a Notice of Decision notifying them that the visa

21  petition had been denied because True Capital had failed to show that the proffered position

22  satisfied any of the four criteria required to be considered a "specialty occupation" under 8

23  C.F.R. § 214.2(h)(4)(iii).  Plaintiffs elected not to file an appeal with the Administrative

24  Appeals Office ("AAO").

25       Plaintiffs thereafter timely filed the underlying complaint seeking declaratory relief

26  and a determination that USCIS's decision to deny the visa petition was arbitrary and

27  capricious.  While this action was pending USCIS sua sponte reopened Plaintiffs' visa

28  petition and sought additional evidence; namely, a copy of Plaintiff Jaric's college

2

United States District Court
Northern District of California

1    transcripts.[1]  (Dkt. No. 13-1.)  Defendants then filed the underlying motion to dismiss for

2    lack of subject matter jurisdiction.  (Dkt. No. 13.)  Just over a month later, USCIS sent

3    Plaintiffs a third Request for Additional Evidence which appears identical to the preceding

4    request.  (Dkt. No. 23-6.)  The deadline for Plaintiffs to submit the additional evidence is

5    August 1, 2013.  No other decision has issued from USCIS regarding Plaintiffs' visa petition.

### LEGAL STANDARD

7         "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Ins. Co. of*

8    *America*, 511 U.S. 375, 377 (1994).  It is therefore presumed that a claim is not within the

9    jurisdiction of the federal court "and the burden of establishing the contrary rests upon the

10   party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377;  *see also St. Clair v. City of Chico*,

11   880 F.2d 199, 201 (9th Cir. 1989) (finding that it is "necessary for the party opposing the

12   motion to present affidavits or any other evidence necessary to satisfy its burden of

13   establishing that the court, in fact, possesses subject matter jurisdiction").

### DISCUSSION

15        As a general matter, district courts are empowered to review agency action by the

16   Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq. (2012), and have federal

17   question jurisdiction over such claims pursuant to 28 U.S.C. § 1331 (2012).  In this context, a

18   court has jurisdiction to review a "final agency action for which there is no other adequate

19   remedy in a court." 5 U.S.C. § 704 (2012); *Mamigonian v. Biggs*, 710 F.3d 936, 941-42 (9th

20   Cir. 2013); *see also Fred 26 Importers, Inc. v. U.S. Dep't of Homeland Sec*., 445 F. Supp. 2d

21   1174, 1178 (C.D. Cal. 2006) ("Judicial review of the denial of an H-1B visa petition is

22   governed by the Administrative Procedure Act …§§ 704, 706").  Two conditions must be

23   satisfied for agency action to be final for purposes of the APA: "First, the action must mark

24   the 'consummation' of the agency's decisionmaking process—it must not be of a merely

25   tentative or interlocutory nature. And second, the action must be one by which rights and

---

[1] Defendants attached a copy of the March 28, 2013 "Request for Evidence," to their motion
to dismiss but did not provide a copy of the notice (if any) which affirmatively reopened
proceedings. (Dkt. No. 13-1) The parties do not dispute, however, that the agency did in fact
reopen proceedings.

obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal citations and quotations omitted).

**A.  Finality of the October 26, 2012 Notice of Decision**

The critical question here is whether USCIS's sua sponte reopening of Plaintiffs' H-1B petition renders its prior denial of the petition non-final.  While neither the parties nor the Court located a decision directly on point, there are several decisions which lead the Court to conclude that the reopening renders the earlier decision non-final and therefore not subject to review.

First, while not binding on this Court,  in *Bhasin v. U.S. Dep't of Homeland Sec.*, 413 F. App'x 983, 985 (9th Cir. 2011), the Ninth Circuit considered the nearly identical question of whether USCIS's sua sponte reopening of a plaintiff's I-130 visa petition renders its prior order denying the petition non-final.  The court held that in such circumstances "the denial is not a 'final agency action' under 5 U.S.C.  § 704 and is not subject to judicial review under the Administrative Procedure Act."  *Id.* (citing *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)).

In *Cabaccang v. USCIS*, 627 F.3d 1313 (9th Cir. 2010), the Ninth Circuit considered the related question of whether USCIS's denial of an application to adjust status is "a final agency action" where removal proceedings have been initiated and remain pending.  *Id.* at 1316.  The court noted that in the course of the removal proceedings, the plaintiffs would have the opportunity to renew their request to adjust status before the Immigration Judge ("IJ"), who has "unfettered authority" to modify or reverse USCIS's prior denial of their applications.  *Id.*  The Ninth Circuit held that given the IJ's ability to "wipe away" USCIS's prior decision, "USCIS's denial of their applications is not yet final, and the district court lacked jurisdiction under the APA." *Id.*[2]  In so concluding, the Ninth Circuit relied on its prior

---

[2] Further, it is well established in the removal context that the Board of Immigration Appeals' sua sponte reopening of immigration proceedings divests the reviewing court of jurisdiction. *See Saavedra-Figueroa v. Holder*, 625 F.3d 621, 624 (9th Cir. 2010) (citing *Lopez–Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002) (the BIA's reopening of the case divested us of jurisdiction)).  "The remand for further proceedings is what caused us to lose jurisdiction.

decision in *Acura of Bellevue v. Reich*, 90 F.3d 1403, 1407-08 (9th Cir. 1996).  There, the court held that a motion for reconsideration, an appeal to a superior agency authority, or an intra-agency appeal to an administrative law judge all render an agency decision nonfinal.  To hold otherwise, would "inappropriately interfere with the Departments' intra-agency decision-making process before it is completed" because the agency review process provides "the opportunity and authority to consider, change, and eventually finalize [the agency's] position."  *Id*. at 1408.

Drawing on the reasoning of these cases, this Court concludes that USCIS's reopening of Plaintiff's H-1B petition renders Defendants' prior denial not the "final administrative work" in this matter.  *See Reich*, 90 F.3d at 1408.  Were this not the case, the agency and the Court would be simultaneously considering the same issues and the agency's prior determination could change at any time wholly undermining the purposes of the finality doctrine.  *Id*. at 1409 ("simultaneous review poses the possibility that an agency authority and a court would issue conflicting rulings").

Plaintiffs' reliance on *Darby v. Cisneros*, 509 U.S. 137 (1993), for a contrary conclusion is misplaced.  *Darby* addressed whether a person aggrieved by an agency decision was required to exhaust non-mandatory administrative remedies prior to seeking judicial review.  The Court concluded that a party is not required to exhaust where neither the relevant statute nor agency rules required exhaustion.  *Id*. at 154.   The issue here, however, is not whether Plaintiffs were required to exhaust prior to filing their case here, but rather, what happens when the agency sua sponte reopens proceedings.  As the agency decision-making process here is on-going, *Darby* is inapposite.

*Doctors Nursing & Rehabilitation Center v. Sebelius*, 613 F.3d 672 (7th Cir. 2010), is similarly distinguishable.  There, the court held that an agency cannot destroy federal jurisdiction by reopening a Medicare claim.  *Id.* at  676.  The case, however, was not decided under the APA, but rather the judicial review provisions of the Social Security Administration

---

Otherwise, this court and the IJ would both have been considering the same thing at the same time: [petitioner's] removal."  *Cordes v. Mukasey*, 517 F.3d 1094, 1095 (9th Cir. 2008).

set forth at 42 U.S.C. § 405(g).  Notably, the *Sebelius* court expressly distinguished the situation presented there from the jurisdictional issues which arise in the immigration context citing *Gao v. Gonzales*, 464 F.3d 728 (7th Cir. 2006).  *Id.* at 678.  *Gao* holds that a federal court lacks jurisdiction over a petition for review of a removal order when the agency reopens the case while the petition is pending.  *Sebelius*, 613 F.3d at 678.

Finally, the Court is also unpersuaded that 8 C.F.R. § 103.5(a)(5) renders Defendants' decision final notwithstanding the March 28, 2013 Request for Evidence.  Under section 103.5(a)(5), when Defendants reopen or reconsider a decision "in order to make a new decision favorable to the affected party, [Defendants] shall combine the motion and the favorable decision in one action."  Plaintiffs argue that because this process was not followed, it means Defendants are not going to grant the petition upon reconsideration and therefore the earlier decision is still final.  Section 103.5(a)(5), however, does not preclude Defendants from asking for additional evidence before deciding whether to change course and grant a petition, which they have done here.  *See* 8 C.F.R. § 103.2(b)(8)(iii) (stating that if the initial evidence submitted does not establish eligibility, the USCIS may "request more information or evidence from the application or petitioner, to be submitted within a specified period of time as determined by USCIS").

### B.  Reopening Solely for the Purpose of Delay

At oral argument and in their supplemental briefing, Plaintiffs argue that the Court should overlook the jurisdictional issue because USCIS reopened proceedings solely for the purpose of delay; in other words, it reopened the proceedings to deprive Plaintiffs of the ability to obtain judicial review.  Defendants' March 28, 2013 Request for Additional Evidence is largely identical to the Request for Evidence issued during the pendency of the underlying visa petition; however, it does seek an additional piece of evidence—Plaintiff Jaric's college transcripts.  (*Compare* Dkt. No. 1-3, p. 9 *with* Dkt. No. 13-1, p. 8.)  Defendants contend that this evidence is sought to clarify an inconsistency between Jaric's I-20 form which was completed at the time she applied for her student visa and noted she was pursuing a degree in fashion merchandising, and her degree noted on the underlying I-129 petition,

1   which was for business administration.  Defendants, however, provide no explanation as to

2   why the third apparently identical request for additional evidence was issued on May 9, 2013.

3   (Dkt. No. 23-6.)

4          The Court concludes that the March 28, 2013 Request for Additional Evidence renders

5   Defendants' decision non-final and therefore not subject to review under the APA.  This

6   result is warranted given that the March 28, 2013 Request does appear to seek additional

7   information.  The two cases cited by Plaintiffs are inapposite.  As discussed above, *Sebelius* is

8   a non-APA action which explicitly distinguished its holding from the jurisdictional issues

9   which arise in the immigration context.  *Sebelius*, 613 F.3d at 678.  Plaintiffs' reliance on,

10  *Chu Investment, Inc., v. Mukasey*, 256 F. App'x 935, 936 (9th Cir. 2007), is similarly

11  unhelpful.  In *Chu*, the Court held that the agency's denial of Chu's I-140 application was

12  arbitrary under the APA.  Chu had sought judicial review without first exhausting his

13  administrative remedies with the Administrative Appeals Office.  The court noted that he was

14  not required to do so prior to seeking judicial review citing *Darby v. Cisneros*, 509 U.S. 137,

15  154 (1993).  As noted above, the question here is not whether Plaintiffs were required to

16  exhaust, but whether the Court has jurisdiction when the agency reopens sua sponte.  The

17  Court concludes that it does not have jurisdiction under these circumstances because there is

18  no longer a final agency decision to review.

19         The Court is not holding, however, that the May 9, 2013 Request—which appears

20  identical to the March 28 request—has the same effect as the March 28, 2013 Request.

21  Indeed, Defendants do not argue that it does so; instead, their supplemental brief focuses on

22  the new information sought by the March 28, 2013 Request.

                                     **CONCLUSION**

24         Based on the foregoing, Defendant's motion to dismiss (Dkt. No. 13) is GRANTED

25  without prejudice.  As suggested by Defendants, the Court shall retain jurisdiction over this

26  matter.  *See* Dkt. No. 26 at 5.  Within 20 days of receipt of a final agency decision, Plaintiffs

27  shall file an amended complaint or move to dismiss this action.

28         **IT IS SO ORDERED.**

United States District Court
Northern District of California

7

1

2   Dated:  June 20, 2013

3                                 _____

4                               JACQUELINE SCOTT CORLEY
                              UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California